In re Jorge NARVAEZ, Debtor.

**Bankruptcy No. 93–34598.**

United States Bankruptcy Court,
D. New Jersey.

Dec. 22, 1993.

David E. Alberts, Metuchen, NJ, for debtor.

Scott D. Sherman, Federman and Phelan, P.C., Westmont, NJ, for Federal Home Loan Mortg. Corp.

Peter J. Broege, Wood, Broege, Neumann & Fischer, Manasquan, NJ, for standing trustee.

### MEMORANDUM OPINION

STEPHEN A. STRIPP, Bankruptcy Judge.

This is the court's decision on a motion by Federal Home Loan Mortgage Corporation ("FHLMC") for relief from the automatic stay. The motion was brought under section 362(d)(1) of title 11, United States Code ("Bankruptcy Code" or "Code"). This court has jurisdiction under 28 U.S.C. §§ 1334(b), 157(a) and 151. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G). FHLMC holds a foreclosure judgment on the debtor's residence and seeks to conduct a foreclosure sale. The debtor opposes the motion and seeks to pay off the foreclosure judgment pursuant to his chapter 13 plan. In addition to the lien which the mortgage gave FHLMC on the debtor's residence, the mortgage also created a security interest in the following personal property:

> ... rents, issues and profits ... and also, all the right, title and interest of the Mortgagor in and to any and all equipment, fixtures, tools, goods and chattels now used or hereafter to be used in connection with the operation or enjoyment of the premises or any part thereof ...

The legal issue presented on this motion is whether FHLMC had any further security interest in said personal property after its foreclosure judgment was entered. If FHLMC's security interest in personal property survived the foreclosure judgment, then FHLMC's rights can be modified under Code section 1322(b)(2) by paying the judgment under a chapter 13 plan. If, however, the security interest in personal property did not survive the foreclosure judgment, then FHLMC's rights under the judgment cannot be modified under Code section 1322(b)(2). The court holds that the security interest in personalty created by the mortgage did not survive the foreclosure judgment, and FHLMC's rights thereunder cannot be modified under a chapter 13 plan. FHLMC's motion is therefore granted.

### FINDINGS OF FACT

FHLMC obtained its foreclosure judgment on May 12, 1992. A foreclosure sale had not yet been conducted when the debtor filed a petition for relief under chapter 13 on August 2, 1993. FHLMC filed the subject motion on October 26, 1993. The court reserved decision on November 23, 1993. The mortgage which FHLMC foreclosed also created a security interest in personal property as set forth above.

### CONCLUSIONS OF LAW

Code section 1322(b)(2) provides that a chapter 13 plan may

> modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence ...;

11 U.S.C. § 1322(b)(2). When a foreclosure judgment has been entered on a debtor's

residence in New Jersey, the judgment holder's rights cannot be modified by a chapter 13 plan unless the judgment holder also has other collateral. *First Nat. Fidelity Corp. v. Perry,* 945 F.2d 61 (3d Cir.1991). In this case FHLMC did have a security interest in personal property before the foreclosure judgment was entered. However, a mortgage merges into a foreclosure judgment under New Jersey law. *Matter of Roach,* 824 F.2d 1370 (3d Cir.1987). The question presented here is whether the foreclosure judgment terminated FHLMC's security interest in the personal property.

 It has been held that as a general rule "the terms of a mortgage are merged into a foreclosure judgment and thereafter no longer provide the basis for determining the obligations of the parties." *In re Stendardo,* 991 F.2d 1089, 1095 (3d Cir.1993). An exception to that rule exists "if the mortgage clearly evidences [the parties'] intent to preserve the effectiveness of [a particular] provision post-judgment." *Id.* In *Stendardo* no such intent was found, so the debtors' obligation under the mortgage to pay property taxes and insurance premiums ended when the mortgage merged into the judgment. *Id.*

Although the primary purpose of a mortgage is to create a security interest in real property, it can also have other purposes, including creating a security interest in personal property. *Wilson v. Commonwealth Mortgage Corp.,* 895 F.2d 123, 129 (3d Cir.1990). Of course, a security interest in personal property must be perfected in accordance with article 9 of the Uniform Commercial Code, N.J.S.A. 12A:9–101 et seq., whereas a mortgage lien is perfected by recordation under N.J.S.A. 46:16–1. Moreover, a mortgage is not the customary means of creating a security interest in personal property. A separate security agreement is ordinarily executed for personal property.

Under *Stendardo,* if the parties intend that a security interest in personal property created by a mortgage shall survive the merger of the mortgage into a foreclosure judgment, such intention must be clearly expressed. The court finds no such intention here. FHLMC's security interest in personal property therefore ended when

the mortgage merged into the foreclosure judgment. Since FHLMC's only remaining collateral when the petition was filed was the real property, *Perry* applies and FHLMC's motion is granted.

FHLMC shall submit Standard Order 29 within ten days on notice to the debtor.